**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| VERNA J. STIGLER, | ) | NO. CV 05-1925-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on March 18, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 18, 2005.

Plaintiff filed a motion for summary judgment on September 6, 2005. Defendant filed a cross-motion for summary judgment on November 7, 2005. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed March 21, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based primarily on alleged anemia, arthritis, hypertension, an enlarged heart, sinus problems, and asthma (Administrative Record ("A.R.") 85). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 32-58, 126-237).

The ALJ found Plaintiff's impairments prevent her from performing her past relevant work as a certified nursing assistant (A.R. 21-23). The ALJ determined that Plaintiff retains the residual functional capacity to perform a significant range of light work (A.R. 23). Relying on a vocational expert's testimony, the ALJ found Plaintiff has transferable skills of "medical knowledge, etc., charting, etc." from her nursing assistant work. Id. Again relying on the vocational expert's testimony, the ALJ found these skills could be applied to meet the requirements of the semiskilled, light work of a first aid attendant (A.R. 23-24). The ALJ found Plaintiff not disabled (A.R. 24). The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

///
///
///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

3

1 **I.     Substantial Evidence Supports the ALJ's Finding that**
2 **Plaintiff's Skills as a Nurse's Assistant Are Transferable**
3 **to Other Work.**

Plaintiff argues the ALJ erred in finding that Plaintiff's past work as a nurse's assistant constitutes semiskilled work rather than unskilled work. Plaintiff relies on Social Security Ruling ("SSR") 82-41,[2] which states:

> Slightly more complex, at a higher level of semiskilled work, are jobs like that of a nurse aide, who may also serve food to people. A nurse aide ordinarily performs other tasks which do not provide a special advantage over unskilled workers, such as dusting and cleaning rooms, changing bed linens, and bathing, dressing and undressing patients. The only duties which suggest transferable skills are those related to "nurse" rather than "aide" – taking and recording the rates of temperature, pulse and respiration; and recording food and liquid intake and output. However, these occasional or incidental parts of the overall nurse aide job, which are a small part of a higher skilled job (nurse), would not ordinarily give a meaningful vocational advantage over unskilled work. The extent

---

[2] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

4

1     of such duties, however, may vary with individual nurse
2     aides.

4  Plaintiff asserts that this language requires the ALJ to make
5  findings regarding the extent to which Plaintiff's duties as a
6  nurse's assistant actually involved the use of transferable skills.
7  Plaintiff's argument lacks merit.  Nothing in SSR 82-41 requires that
8  the ALJ make such specific findings.  SSR 82-41 merely recognizes
9  that the job of a nurse's assistant can be considered unskilled or
10 semiskilled, depending on the types of duties performed by a
11 particular individual.  In the present case, based on Plaintiff's own
12 description of the duties she performed, the vocational expert
13 reasonably testified that Plaintiff's work as a nurse's assistant was
14 semiskilled in nature (A.R. 39-47).  The ALJ properly relied on the
15 vocational expert's testimony as substantial evidence.  See Russell
16 v. Bowen, 856 F.2d 81, 83 (9th Cir. 1988) (vocational expert's
17 testimony concerning transferability of skills can constitute
18 "substantial evidence").

20 Plaintiff also argues the ALJ erred in finding that Plaintiff
21 could transfer her skills as a nurse's assistant to the job of first
22 aid attendant because the first aid attendant job allegedly
23 constitutes unskilled work.  See, e.g., Terry v. Sullivan, 903 F.2d
24 1273, 1277 (9th Cir. 1990) ("Acquired skills do not transfer to
25 unskilled work").  As support, Plaintiff cites to the following
26 exchange between the ALJ and the vocational expert:
27 ///
28 ///

```
 1        Q.   Okay.  All right.  Ms. Arnush [the vocational expert],
 2             you'll - we're going to transfer the skills to what, to a
 3             first aid -
 4        A.   Attendant.
 5        Q.   What SVP is that?
 6        A.   3.
 7        Q.   And what is that - that's like a real low end 2.
 8        A.   It is.
```

(A.R. 43).

A job with a specific vocational preparation ("SVP") rating of 3 is considered semiskilled work, while a job with an SVP rating of 2 is considered unskilled work. See Terry v. Sullivan, 903 F.2d at 1276-78. Plaintiff argues that the ALJ's comment "that's like a real low end 2," along with the vocational expert's confirmatory response, necessarily establishes that the first aid attendant job has an SVP of 2. Plaintiff's interpretation of the hearing transcript is unconvincing. The ALJ's comment is ambiguous. Moreover, Plaintiff's interpretation is refuted by the vocational expert's repeated statements throughout the hearing that the first aid attendant job has an SVP rating of 3 (A.R. 40, 43, 55). Thus, substantial evidence supports the ALJ's finding that the job of first aid attendant constitutes semiskilled work. See Russell v. Bowen, 856 F.2d at 83.

Plaintiff also argues that Plaintiff's skills from her work as a nurse's assistant are not transferable to the first aid attendant job because Plaintiff assertedly would need additional training in

first aid and CPR.  Contrary to Plaintiff's assertion, the vocational expert did not testify that Plaintiff needed additional training, but only that Plaintiff might need "updated CPR and first aid certifications" (A.R. 43-44).  Even assuming, arguendo, that the vocational expert meant that Plaintiff needs additional training to work as a first aid attendant, such a finding would not be inconsistent with the ALJ's determination that Plaintiff's skills are transferable.  "There are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs.  A complete similarity . . . is not necessary for transferability."  20 C.F.R. §§ 404.1568(d)(3), 416.968(d)(3); see also Blauvelt v. Secretary of Health and Human Services, 1991 WL 329568, at *11 (N.D. Ohio Oct. 8, 1991) (plaintiff's skills as a carnival operator were transferable to other jobs such as a customer order clerk, payroll clerk, invoice control clerk, night auditor, and property manager; even though the plaintiff's skills "are not jot-for-jot transferable to each and every skill required in the positions enumerated by the vocational expert," a complete transferability of skills is not required); Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001) (plaintiff's duties as a mill supervisor, although not identical to those required of a timekeeper, were similar enough to support transferability of skills); cf. 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4) (where a claimant is of advanced age and limited to sedentary work, the claimant's skills are transferable to other sedentary work only if the other work "is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry").

**II.    The ALJ Was Not Required to Question the Vocational Expert Regarding the Methodology Used to Determine the Transferability of Plaintiff's Skills.**

Plaintiff argues the ALJ erred by failing to ask the vocational expert what methodology she used to determine that Plaintiff has transferable skills. Plaintiff fails to cite any authority that requires the vocational expert to explain the methodology used to assess the transferability of a claimant's skills. Nor is there any indication, as Plaintiff suggests, that the vocational expert deviated in any way from the job descriptions provided in the Dictionary of Occupational Titles. Plaintiff fails to demonstrate any error in connection with the ALJ's reliance on the vocational expert's testimony.

**III.   Substantial Evidence Supports the ALJ's Finding that there Exists a Significant Number of First Aid Attendant Jobs.**

The vocational expert testified that there exist 7,664 first aid attendant jobs in the regional economy and 331,754 such jobs in the national economy (A.R. 55). The ALJ relied on this testimony in concluding that there exists a significant number of jobs that Plaintiff can perform (A.R. 23-24). See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (between 1,000 to 1,500 jobs in the local area constituted a significant number); Barker v. Secretary, 882 F.2d 1474, 1479 (9th Cir. 1989) (1,266 jobs in the Los Angeles/Orange County area constituted a significant number).
///

1    Plaintiff argues that the vocational expert overstated the
2 number of first aid attendant jobs in the Los Angeles area.  In
3 support of her argument, Plaintiff cites to statistics in an
4 occupational publication that assertedly places the number of first
5 aid attendant jobs well below the numbers provided by the vocational
6 expert.  The Court cannot disturb the ALJ's finding that there exists
7 a significant number of jobs that Plaintiff can perform.  The ALJ was
8 entitled to rely on the vocational expert's testimony regarding the
9 number of first aid attendant jobs available, regardless of whether
10 conflicting vocational evidence may exist.  See Russell v. Bowen, 856
11 F.2d at 83 (vocational expert's testimony can constitute "substantial
12 evidence"); Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973),
13 cert. denied, 417 U.S. 933 (1974) (even if the evidence is in
14 conflict, the Administration's findings are conclusive when supported
15 by substantial evidence).  Furthermore, even if the vocational expert
16 overstated the number of jobs by several thousand positions, the
17 overstatement would not be material in light of authorities such as
18 Meanel v. Apfel and Barker v. Secretary.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  November 15, 2005.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]  The Court has considered all of Plaintiff's arguments and has found those arguments unpersuasive.  The Court has discussed Plaintiff's principal arguments herein.